W. B. SEYMOUR, Plaintiff in Error, *v.* JOHN FARRELL *et al.*, Defendants in Error.

1. *Depositions — Appearance no waiver of dedimus.*— The appearance of an opposing party at the taking of depositions is a waiver of notice, but not a waiver of a *dedimus*.
2. *Evidence — Witness, character of — Impeachment.*— The character of a witness cannot be impeached by testimony as to specific facts.
3. *Bills and notes — Maker — Signature on back of note, legal effect of—Parol evidence.*— The signature on the back of a note, of one who is neither payee nor indorsee, is *prima facie* that of maker.   But this presumption may be repelled by parol evidence.   It may be thus shown that in fact he signed only as guarantor.

### Error to Washington Circuit Court.

*G. I. Van Alen,* for plaintiff in error.

Upon the face of the note, Farrell was not the payee, nor was he in any legal sense an indorser.

The law has fixed and settled the *prima facie* contract of the parties, and in order to prove a different contract or promise to

pay, defendant should have pleaded it. (Buchner v. Liebig *el al.*, 38 Mo. 188 ; Schmidt v. Schmaelter, 45 Mo. 502 ; Bradford *et al.* v. Martin *et al.*, 3 Sandf., N. Y., 647; Jones v. Jeffries, 17 Mo. 577; Bunce v. Beck, 43 Mo. 266.)

*Reynolds & Relfe*, with *L. F. Dinning*, for defendants in error.

Under our .aw, Farrell was *prima facie* a joint maker. (Western Boatmen's Benevolent Asso'n v. Wolf, 45 Mo. 104, and authorities there cited; Kuntz v. Temple, 48 Mo. 71.) Under the law of Illinois, where this note was made, his liability was *prima facie* that of a guarantor. (Camden v. McCoy *et al.*, 3 Scam. 437 ; Carroll v. Weld, 13 Ill. 682; Webster v. Cobb, 17 Ill. 459 ; It was exclusively the province of the trial court to determine in what character he put his name on the back of the note. In Western Boatmen's Benevolent Asso'n v. Wolff, 45 Mo. 104, this court says : " In what character he put his name on the back of the note, was a question of fact within the exclusive province of the trial court to determine, and this court will not undertake to weigh the evidence." (See also Bonnell v. U. S. Express Co., 45 Mo. 423.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a promissory note brought by the plaintiff, as indorsee after maturity, against the defendants, charging them as joint makers. The contest was with the defendant Farrell, who signed his name on the back of the note, the other defendant having signed at the foot of the note. Farrell denied that he was maker, and claimed that he was only surety by way of indorsement or guaranty; and the whole question was whether he was one of the makers or a guarantor. He was not sued as guarantor, and there were no facts in the case to render him liable as such.

There was much evidence introduced on both sides on the main issue, and the case was submitted to the court sitting as a jury, and the court found for the defendants. Some depositions were filed in the case by the plaintiff which had been taken in Illinois,

and they were suppressed on the motion of the defendant, on the ground that no *dedimus* had been issued authorizing the officer to take them.   The defendant, it seems, appeared at the taking of the depositions, but there was no waiver of the want of a *dedimus*.   The appearance of an opposing party waives the want of notice of the taking of depositions, but it is not an express or implied waiver of the *dedimus*.   The *dedimus* is what gives authority to an officer out of the State to take depositions.   If a party expressly waives a *dedimus*, and depositions are taken on the faith of such waiver, he ought not to be allowed afterwards to raise the objection of the want of a *dedimus*.   Such was not the case here, and the depositions were properly suppressed.

·   The defendant testified as a witness, and the plaintiff offered to prove specific charges of immorality to impeach his character for veracity.   This evidence was properly excluded.   Only evidence of a general character regarding veracity is allowed for that purpose, and specific charges cannot be preferred, as the witness is not presumed to be prepared to repel such attacks.

The plaintiff asked an instruction to the effect that the note itself showed that the defendant was a joint maker, and no evidence could be introduced to the contrary.   If the defendant's name had appeared at the foot of the note in the usual place as maker, the instruction would have been proper.   But the name was signed on the back of the note.   Under the law as laid down by our court, his signature on the back of the note was *prima facie* evidence that he was maker of the note.   But this presumption may be repelled by parol evidence.   It may be shown that he signed only as guarantor.   Such evidence does not vary or contradict the written note, but proves that a blank or space was left to be filled up with an independent contract of guaranty.

The plaintiff also asked an instruction to the· effect that if defendant signed the note as surety, that made him liable as a maker.   This instruction was refused, evidently on the ground that the word "surety" in the instruction was understood by the court to mean guarantor.

7—VOL. LI.

The whole contest was whether the defendant was a guarantor, and when the term "surety" was used it was calculated to mislead, as it might in this case be held to mean guaranty.

Upon the whole case I see no reason for disturbing the judgment.

Judgment affirmed. Judge Wagner concurs. Judge Bliss absent.