EDWARD DELISLE ET AL., Defendants in Error, v. MURDOCH MCGILLIVARY, Plaintiff in Error.

St. Louis Court of Appeals, February 23, 1887.

1. PRACTICE—DEPOSITIONS—DEDIMUS.—The objection that a deposition was taken outside this state without a commission therefor, is without avail where it appears that the party or his attorney waived, in writing, the issuance of a *dedimus* prior to the taking of the deposition.

2. ——— Objections going to the formal parts of a deposition will be considered as having been waived unless they are made before the trial begins.

ERROR to the New Madrid County Circuit Court, J. D. FOSTER, Judge.

*Reversed and remanded.*

Muench & Cline, for the plaintiff in error.

Hatcher & Laforge, for the defendants in error.

Rombauer, J., delivered the opinion of the court.

The plaintiff in error, the defendant below, complains that the trial court erred in excluding his deposition when offered in evidence. The sole ground of objection, which the plaintiff below assigned, and upon which the deposition was excluded, is, that the deposition was taken outside of this state without any commission having been sued out authorizing it to be taken.

The deposition so ruled out, is preserved in the record, contains material evidence for the defendant, and was in fact all the evidence he had. The notice given for the taking of the deposition contains this memorandum, signed by one of the plaintiff's attorneys, "issue of *dedimus* and all exceptions as to time waived," and the deposition was taken at the time and place mentioned in the notice, by an officer authorized to take it, and duly authenticated.

The supreme court said in *Seymour v. Farrell* (51 Mo. 97), "If a party expressly waives a *dedimus*, and depositions are taken on the faith of said waiver, he ought not to be allowed afterwards to raise the objection of the want of *dedimus.*" This is an application of the rule which makes the waiver of a condition equivalent to its performance. Moreover, in this case, the objection was not timely, even if it could have been entertained, being made after the trial of the case began. "A party can not lie by until his adversary has announced himself ready for trial, and then, for the first time, when he offers to read his depositions, object to them on account of some alleged informality in the taking or authentication thereof." *Holman v. Bachus*, 73 Mo. 51 ; *The State*

*ex rel. v. Dunn,* 60 Mo. 70 ; *Delventhal v. Jones,* 53 Mo. 462.

The action of the court in excluding the deposition is assigned for error, and was unquestionably erroneous.

The judgment is reversed and the cause remanded. All the judges concur.