### GORDIANA PENA v. THE STATE.

No. 1711. Decided November 17, 1897.

**1. Assault with Intent to Murder—Accident—Charge.**

Where a husband was on trial for an assault to murder his wife, and he testified that the cutting was purely accidental on his part in pushing her away in order to reach her paramour, and the court instructed the jury that if he cut his wife accidentally in trying to kill her paramour they should acquit—there would be no violation of law; Held to properly submit the issue.

**2. Same—Aggravated Assault—Practice where No Exceptions Were Saved to the Charge.**

On a trial for assault to murder, where, even if the issue of aggravated assault was suggested, no exception or motion for new trial was reserved to the charge of the court for failure to submit such issue, this court, under the acts of the Twenty-fifth Legislature, p. 17, amending article 723, Code Criminal Procedure, is prohibited from reversing for such error, even though the failure should constitute material error.

APPEAL from the District Court of Starr. Tried below before Hon. JAMES B. WELLS.

Appeal from a conviction for assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the essential facts. No further statement necessary.

[No briefs for appellant.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of assault with intent· to murder his wife, and given two years in the penitentiary; hence this appeal.

There are no bills of exception in the record. It is urged that the court committed an error in failing to submit to the jury a charge upon aggravated assault and battery. The evidence for the State shows an assault with intent to murder, which occurred at a different place than that testified to by appellant. If the State's testimony is true, appellant made the assault with a knife upon his wife, stabbing her in the breast; also cutting one of her fingers badly. This transaction, under the State's theory, occurred outside of the residence. The appellant's testimony shows that he came in the room where his wife was, and discovered her in bed with another person, either in the act of sexual intercourse, or that she was there for that purpose. He drew his knife, with a view of killing the paramour of his wife. The wife jumped out of bed, threw her arms around him, and, in the struggle, seeking to push her away from him, defendant states, the wounds must have been inflicted; that he did not intend to cut his wife, and the cutting was purely accidental on his part, in pushing her away, in order to reach her paramour.

This is the substance of the testimony pro and con, as adduced on the trial. The court submitted the issue of assault with intent to murder, and instructed the jury that if he cut his wife accidentally, in trying to kill her paramour, they should acquit; there would then be no violation of the law.

We believe the issues in the case were properly submitted; but, if the question of aggravated assault and battery was suggested under the facts, no charge was asked, nor were any exceptions reserved to the failure of the court to charge this issue. Under the recent act of the Legislature (Acts 25th Leg., p. 17), this court is prohibited from reversing a judgment for material error of the court in regard to charging the law, unless "the error shall be excepted to at the time of the trial or on motion for new trial." As stated above, exceptions were not reserved; and even if the court erred in not charging the law applicable to aggravated assault, and such failure was material error, this court would not be justified in reversing the judgment, unless exceptions were reserved to this omission of the court, either at the time of the trial or on motion for a new trial.

Judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.