A. P. ABBOTT v. THE STATE.

No. 1975.    Decided May 9, 1900.

1. **Local Option—Order for Election—Session of Commissioners Court.**

Under provision of article 3384, Revised Statutes, which authorizes the commissioners court to order an election for local option "whenever they deem it expedient," said court may order said election when sitting as a board of equalization or at a special session.

2. **Transfer of Indictment—Jurisdiction—New Trial.**

A plea to the jurisdiction because of a failure to make a proper transfer of the indictment from the district to the county court can not be made nor can the question of jurisdiction be raised for the first time on motion for new trial.

3. **Charge of Court in Misdemeanor—Practice on Appeal.**

An erroneous instruction of court in a misdemeanor case will not authorize a reversal on appeal unless the same was specially excepted to and a special written instruction covering the defect was made in the trial court.

APPEAL from the County Court of Bosque. Tried below before Hon. H. C. COOKE, County Judge.

Appeal from a conviction of violating local option, penalty, a fine of $25, and twenty days imprisonment in the county jail.

No statement necessary.

*Word & Word,* for appellant.

. *Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for violating the local option law, and his punishment assessed at a fine of $25 and twenty days confinement in the county jail.

In bill number 1 appellant complains that the court erred in admitting the order for the election, the order declaring the result, and the county judge's publication of the same, because the election was ordered at a special session of the commissioners court, when. that body was sitting as a board of equalization. We think this can be done, under the present statute. Article 3384, Revised Civil Statutes, provides: "The commissioners court of each county in the State, whenever they deem it expedient, may order an election, to be held by the qualified voters of said county, or of any justice precinct, or such subdivisions of a county as may be designated by the commissioners court, * * * to determine whether or not the sale of intoxicating liquors shall be prohibited in such county," etc. Thus, it appears that the commissioners court, as a court, can order such election "whenever they deem it expedient." This can be done at either a special or regular session. However, the commissioners court sitting as a board of equalization is a regular session of said court, provided for by article 5120, Id., as follows: "The commissioners courts of the several counties of this State shall convene and sit as a board of equalization on the second Monday in June of each year, or as soon thereafter as practicable before the first day of July, to receive all the assessment lists or books of the assessors of their counties for inspection, correction, equalization and approval." We have heretofore held that the commissioners court could order a local option election at a special session. Loveless v. State, 40 Texas Crim. Rep., 221.

In his brief, appellant cites section 18, article 8, and section 18, article 5, of the Constitution, in support of his contention that the commissioners court, while in session as a board of equalization, has no power to order a local option election. The first section reads: "The Legislature shall provide for equalizing, as near as may be, the valuation of all property subject to or rendered for taxation (the county commissioners court to constitute the board of equalization); and may also provide for the classification of all lands with reference to their value in the several counties." The latter part of section 18, article 5, provides: "Each county shall in like manner be divided into four

commissioners precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge as presiding officer, shall compose the county commissioners court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." We see nothing in the above quoted sections of the Constitution supporting the contention of appellant. The last quoted section merely provides for the commissioners court, and defines its jurisdiction. The first quoted section authorizes the commissioners court to sit as a board of equalization, while the last section provides that the said commissioners court "shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." The Legislature, among other duties imposed upon the commissioners court, makes it their express duty, as indicated in article 3384, Revised Civil Statutes, to order a local option election whenever they deem it expedient. We therefore hold that it makes no difference what the primary object of the session of the commissioners court may be,—whether to pass upon road questions, tax questions, or whether sitting as a board of equalization,—in each and all these instances they are amply authorized, under the statute and the Constitution of this State, to order a local option election as was done in this case. It follows, therefore, that appellant's contention is without merit, and the court did not err in permitting the introduction of the orders complained of in evidence.

Appellant's first complaint in his motion for new trial is that the court had no jurisdiction to try the case, because of a failure to make a proper and legal transfer of the indictment from the district to the county court. This objection can not be urged for the first time in motion for new trial, but should be made by plea to the jurisdiction. This exact question was decided by us in Bonner v. State, 38 Texas Criminal Reports, 599. We there held that where defendant has pleaded to the indictment, without motion to quash or plea to the jurisdiction, it is too late to interpose such objection by motion in arrest of judgment, and clearly it would be too late on motion for new trial.

Appellant also complains of the court's charge. However, appellant asked no written instruction covering the point complained of. While the court's charge may be inaccurate, yet in misdemeanor cases we can not reverse unless there is a special exception, and a special charge asked covering the defect in the general charge. The evidence being sufficient, the judgment is affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]