## F. J. MANNING v. THE STATE.

### No. 2701.   Decided June 1. 1904.

**1.—Perjury—Commission to Take Deposition—Waiver.**

In a prosecution for perjury for making a false answer to an interrogatory in a civil suit, it was no valid objection that the officer taking the deposition was not legally authorized to take the same, in the absence of a commission from the court wherein the said suit was pending, it appearing that the depositions were taken under a written agreement of the parties to said suit, waiving such commission.

**2.—Indictment—Venue.**

Where the venue is alleged in stating the facts constituting the offense, it is not necessary that there should be a direct allegation of venue in the indictment.

**3.—Evidence—Records—Certified Copies.**

Whenever a statute requires that a record should be kept by law, then the record itself and not certified copies is the best evidence, although certified copies of such records shall be deemed as evidence in all causes where the records themselves would be admissible; the record and original papers of the district court of any county and not certified copies thereof is the best evidence.   Following Rainey v. State, 20 Texas Crim. App., 455.

**4.—Evidence—Filing of Depositions.**

Papers are filed within the meaning of the law when they are delivered to the clerk for the purpose of being filed, and it was therefore not necessary in an agreement waiving the issuance of a commission to take deposition, that the filing of same should be waived.

**5.—Same.**

The offense of perjury was complete when the deposition containing the alleged false answers were taken, and the filing of same were not required to complete the offense.

**6.—Charge of the Court—Assignment of Perjury—General Verdict.**

Where either of the assignments of perjury was material and the proof is sufficient to sustain either of the material assignments and a general verdict of guilty is rendered, the conviction will not be disturbed, although immaterial assignments may have been submitted to the jury.

**7.—Practice—Punishment Under Repealed Statute.**

Where appellant does not avail himself by proper bill of exception or motion for new trial of an error of the court in charging the jury to assess the punishment for perjury under the repealed law, which was not less than five nor more than ten years, whereas the existing law fixes the penalty at not less than two, nor more than ten years, and the jury fixed the penalty at seven years in the penitentiary, the verdict will not be disturbed. Davidson, P. J., dissenting.

Appeal from the District Court of Bowie. Tried below below Hon. P. A. Turner.

Appeal from a conviction of perjury; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Hart & Mahaffey,* for appellant.—In order for any person to be guilty of perjury in swearing falsely to a deposition, it is necessary to allege and prove that all of the requirements of law were observed in and about the taking of the deposition upon which the assignment of perjury is made.

The indictment in this case admits that the interrogatories answered

by Manning were never filed in cause No. 4396 of F. J. Manning v. Texas Midland Railroad pending in the District Court of Kaufman County, Texas, and the undisputed testimony of Cooley and Ed Bumpass shows that no commission was ever issued to take said deposition.

No indictment is valid unless the jurisdiction of the court is clearly apparent therefrom. The indictment in this cause does not charge that the offense was committed in Bowie County, Texas. Miles v. State, 23 Texas Crim. App., 410; Ryan v. State, 22 Texas Crim. App., 699.

The original records of the district court of another county could not be brought into the District Court of Bowie County and used as evidence on the trial of a case in the District Court of Bowie County; a certified copy of such originals is the best evidence.

The State introduced in evidence the original papers, to wit, the petition, answer and citation in a cause pending in the District Court of Kaufman County, Texas. From what source these papers come is not apparent from the record. Hardin v. Blackshear, 60 Texas, 132; Willie v. Beauchamp, 15 Texas, 303.

Perjury can not be committed by answering interrogatories which, at the time the answers are given, had never been filed with the clerk of the court where the cause was pending in which such interrogatories were sought to be used. Willson's Crim. Stats., art. 206; Garrett v. State, 37 Texas Crim. Rep., 198; 32 Texas Crim. Rep., 420; 47 S. W. Rep., 1059.

The court erred in charging the jury as follows: "Should you find the defendant guilty you will assess his punishment at not less than five nor more than ten years in the penitentiary."

The above error is submitted as a proposition, and is suggested for the first time in this brief, but being of that character classed as fundamental, we urge that it is the duty of the court to consider it. By the Acts of the Twenty-fifth Legislature, page 146, Supplement to Willson's Criminal Statutes, article 207, fixed the punishment for perjury at not more than ten years nor less than two years.

On the proposition that the above error is fundamental, we cite New v. State, 34 Texas, 100; Buford v. State, 44 Texas, 525; Searcy v. State, 1 Texas Crim. App., 440; Jones v. State, 7 Texas Crim. App., 338; Pinkard v. State, 13 Texas Crim. App., 373; 22 Texas Crim. App., 61, 136; 23 Texas Crim. App., 520; 25 Texas Crim. App., 76, 588; 28 Texas Crim. App., 86; 29 Texas Crim. App., 31.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, Judge.—We have carefully examined the record presented in this case, and the questions arising therein, as well as those presented in appellant's brief. The brief submitted by the Assistant Attorney-General admirably presents the questions at issue; and we

hereby adopt it as the opinion of the court in this case. The judgment is accordingly affirmed.

Appellant was convicted of perjury, alleged in the indictment to have been committed by depositions in answer to material interrogatories which had been propounded to him in a judicial proceeding, to wit, in a civil case which was at the date said perjury is alleged to have been committed, pending in the District Court of Kaufman County. Appellant was plaintiff in said civil action and the Texas Midland Railroad Company was defendant. The nature of said suit was for damages on account of personal injuries alleged to have occurred to appellant by the negligence of said railway company. It appears that after appellant had filed his petition for damages in said cause, and after the railway company had filed its answer denying appellant's cause of action, the attorney for said railway company desired to take the depositions of appellant, for the purpose of using them as evidence on the trial of said cause, and proceeded to propound interrogatories to him; that appellant's attorney of record crossed these interrogatories by propounding questions to appellant. This civil suit was never tried, but was dismissed by appellant after his depositions were taken—the depositions in which it is alleged he made the false answers in question in this prosecution.

Appellant's main insistence on this appeal is that B. T. Cowley, the notary public who took said depositions, was not authorized by law to take them, and therefore they were not taken by authority of the District Court of Kaufman County, and hence were not taken in a judicial proceeding. He bases this contention upon the proposition that no commission was issued by the District Court of Kaufman County authorizing B. T. Cowley, the notary public, to take the deposition in question. In answer to this contention of appellant, the State replies that while it is true no commission was issued authorizing the taking of these depositions, appellant (the plaintiff in said case) and the railroad company both waived the issuance thereof, and that said parties to this civil action had the right to waive the issuance of the commission; that the depositions taken by virtue of the agreement were legal depositions, and could have been introduced on the trial of said civil case by either party. Said agreement reads as follows: "We hereby agree to waive notice, time and issuance of commission, and agree that the answers to the said interrogatories may be taken on the original direct and cross-interrogatories before any officer authorized by law to take the same, and in any county and State in which the said T. J. Manning may be found. (Signed). Ed R. Bumpass, attorney for plaintiff." Manning was found in Bowie County, the county of this prosecution, and B. T. Cowley, the officer who took said depositions, was a duly qualified notary public of said county.

Appellant in his able brief does not cite any authority that sustains his contention on this issue.

The State submits that the parties to said civil proceeding could waive the issuance of a commission and that the depositions taken would have been admissible in evidence on the trial of said cause. Seymour v. Farrell, 51 Mo., 95; DeLissle v. McGillivany, 24 Mo. App., 680. In Seymour v. Farrell, 51 Mo., 95, the court said: "The dedimus is what gives authority to an officer out of the State to take depositions. If the party expressly waives the dedimus and depositions are taken on the faith of such waiver, he ought not to be allowed afterwards to urge objection of the want of a dedimus." The court in the De Lissle v. McGillivany case, supra, quotes this case with approval, and says: "This is an application of the rule which makes the waiver of a condition equivalent to its performance."

The State submits that while perjury can not be assigned upon an oath administered in proceedings wholly void, yet mere irregularities or informalities not ousting the jurisdiction of the court constitute no defense to a charge of perjury committed at any stage of a judicial proceeding. Smith v. State, 31 Texas Crim. Rep., 315; Cordway v. State, 25 Texas Crim. App., 405; Anderson v. State, 24 Texas Crim. App., 705; In re Smith, 110 Mich., 435; Maynard v. People, 135 Ill., 416.

In the Smith case, supra, Judge Hurt says: "An oath legally taken in any stage of a judicial proceeding, civil or criminal, in or out of court, or before a grand jury, is included in the description of this offense. Now, it is contended, too, that until the jury be legally sworn the oath is not required by law, and is therefore not legally taken; in other words, the objection of appellant is that all of the proceedings must be regular up to the time the oath is taken in order for the oath to be legally taken. We can not agree to such a proposition. The effect would be fatal to a great many prosecutions for perjury if the proposition was extended to its legitimate consequences." He says further: "The correct rule seems to be, that if the court has jurisdiction of the subject matter of the suit and the oath is required by law, irregularities in the proceeding will not prevent perjury." In this connection he quotes with approval from State v. Hall, Blackford, 25, as follows: "Where the false swearing was in the course of a judicial proceeding, we do not think it essential to the commission of the offense of perjury that all the proceedings on the trial should be strictly regular. It is essential, however, that the court have jurisdiction of the subject matter, and power to administer an oath to the witness."

In the Smith case, supra, by the Supreme Court of Michigan, Judge Grant wrote as follows: "The petitioner insists that the taking of testimony and the hearing of the case in the county of Kalamazoo were without jurisdiction of the court, and that therefore perjury can not be assigned. It is too clear to require argument that the valid decree

was rendered in that case. All parties understood that the case was still pending in the Van Buren circuit, and stipulated that the testimony should be taken and the arguments had at the residence of the circuit judge in the adjoining county of the same circuit. It would be illogical to hold that the court had jurisdiction to render a valid decree but that it had no jurisdiction to take the testimony upon which the decree was based. The testimony was taken in a judicial proceeding; the court had jurisdiction of the subject matter, the parties waived, for their own convenience, the taking of testimony at the county seat, and agreed to take it elsewhere. The waiver binds them. The consequences of false swearing were the same as if taken at the courthouse in Van Buren County, and the moral turpitude of the petitioner is as great in one case as in another. Circuit judges have power to administer oaths. When courts have jurisdiction of the subject matter of a suit all irregularities may be waived and such irregularity will afford no defense to a charge of perjury. A well considered case is State v. Stevenson, 4 McCord, 165, where a justice of the peace administered an oath to a witness in a matter submitted to arbitration by the consent of parties." After citing several authorities, the court says: "The authorities before cited have collated a great variety of cases calculated to mark the line of separation between that class of oaths which, with respect to the tribunal by which they are administered, do constitute the crime of perjury, and those which do not; and, without entering into a minute analysis of them, all the principle clearly deducible from them is that whenever the law confers the power of ascertaining facts, and from which any legal consequences are to follow, and in the investigation of which the examination of witnesses is necessary, it is perjury in a witness to testify falsely."

In the Manard case, the Supreme Court of Illinois says: "We understand the doctrine to be that although a tribunal must have jurisdiction of the cause or proceeding before perjury can be committed therein, yet that where the defect renders the proceeding voidable only and not absolutely void, and such proceeding is amendable, or where the defect has been waived by the parties there may be perjury committed. Bishop Crim. Law, 5 ed., 1028, and authorities cited in notes. So also one may, if he will, and under some circumstances, waive even a right which the Constitution secures to him. Bishop Crim. Law, secs. 842, 850; 1 Bishop Crim. Proc., 112, 118. In the proceeding here involved plaintiff in error elected to waive the right to quash the process or dismiss the complaint and to go to a hearing upon the merits and introduced testimony. If such conduct left the record destitute of an essential part, it perhaps did not estop him from afterwards taking advantage of the defect in it in case of conviction therein, but at the same time it should be considered as a waiver of any right to claim that perjury could not be assigned upon false testimony given by him upon such hearing."

Appellant further contends that the indictment is defective in that it fails to allege the venue, that is, that the depositions were taken in Bowie County. It may be that there is no direct allegation of venue, but it is amply alleged in stating the facts which occurred. See Kirtley v. State, 59 S. W. Rep., 44; Stanley v. State, 7 Texas Ct. Rep., 839. These cases are in point.

Appellant complains of the action of the court permitting the State to introduce in evidence the record of the District Court of Kaufman County,—his contention being that certified copies under our statute and the decisions were the best evidence. The authorities cited by him—Hardin v. Blackshear, 60 Texas, 132; and Wiley v. Beauchamp, 15 Texas, 303—seem to support his contention, unless it be that the original petition and answer and deposition introduced in evidence were not records within the meaning of those decisions. But the State submits that these decisions are not correct and should not be followed by this court. Judge White in Rainey v. State, 20 Texas Crim. App., 455, announces the better rule: "The objection was made to the introduction in evidence of the original writ of attachment, the objection being that the certified copy of the papers and writ was the best evidence and only proper proof. The rule is otherwise, 'Whenever a statute requires that a record should be kept by law, then the record is proper evidence of such acts, and the case can be proved primarily only by the record.' This is the general rule under our statute. 'Copies of the records of all public officers and courts of this State, certified under the hand and seal, if there be one, of the lawful possessor of such records shall be deemed as evidence in all cases where the records themselves would be admissible.' Rev. Stat., art. 2253. This statute is cumulative and not restrictive. It does not affect the rule or right as to the admissibility of the originals as evidence." This question has been decided adversely to appellant's contention in the following cases: Bank v. Bryan, 34 S. W. Rep., 451; Crary v. Port Arthur Channel and Dock Co., 49 S. W. Rep., 703; Morris v. Gaines, 82 Texas, 255; Evitts v. Roth, 61 Texas, 81. In Bank v. Bryan, supra, the record came from another county and court.

The court did not err in permitting the State to read in evidence, over the objections of appellant, the waiver signed by appellant's attorney, waiving time and commission to take the depositions. Appellant's contention in this connection is, that he did not waive the filing of the depositions. Be this as it may, appellant could not defend on the ground that the depositions were never filed. The offense was complete when the depositions were taken for the purpose of being filled and used on the trial of the civil case. But the record discloses that the envelope in which they were inclosed was filled, and if the clerk neglected to place the file marks upon the depositions it could not avail appellant. Papers are filed within the meaning of the law when they are delivered to the clerk for the purpose of being filed.

Appellant contends that several of the assignments of perjury alleged in the indictment submitted to the jury by the court were immaterial and were not proven by two witnesses or one witness strongly corroborated. Without discussing each assignment in detail, the State submits that all of the assignments of perjury submitted by the court to the jury were material, unless it be the one wherein he denied that he had ever been charged with a criminal offense. The rule as to this character of impeaching testimony being different in the civil courts of this State than that held by this court. But the law is that if either assignment was material and the proof is sufficient to sustain either of the material assignments and a general verdict is rendered, the conviction will not be disturbed. Beach v. State, 32 Texas Crim. Rep., 240. In this case Judge Simkins, for the court, said: "Appellant complains that the court erred in submitting to the jury the assignments of perjury upon the allegation that the witness John Thompson was not absent by the procurement of defendant; first, because there was no testimony supporting either assignment except John Thompson's evidence; and second, the character of said Thompson for truth and veracity was clearly shown to be bad; and besides, he was an accomplice. If appellant's position is correct, the court erred in submitting the issue when there was no evidence to support it; but we do not agree with counsel as to the facts. The record shows, that Lute Beach being indicted for carrying a pistol, his case was called for trial on the morning of December 10, 1888, at 11:30 or 12 o'clock, when defendant asked time to prepare an application for a continuance. The court adjourned; and immediately before it met after dinner, Lute Beach went before the clerk and swore to his application, and when the court met he presented it. This was at 1 o'clock. The application was based on the absence of one John Thompson, who would swear 'the so-called pistol was a bottle of whisky.' "

And the State further submits that this same principle is recognized in regard to general verdicts rendered when indictments embrace more than one count, part good and part bad. Fry v. State, 36 Texas Crim. Rep., 582; Boren v. State, 23 Texas Crim. App., 462; Wartelsky v. State, 33 S. W. Rep., 1079; Nance v. State, 22 S. W. Rep., 44.

The court charged the jury that the punishment for perjury was not less than five nor more than ten years. This was error. The punishment since the Twenty-fifth Legislature (see Acts 1897, p. 146) has been not less than two nor more than ten years in this character of perjury. However, appellant can not avail himself of this error. It is not presented by bill of exceptions, nor did he reserve it in motion for new trial. He insists on it for the first time in this court. This, under the authorities, he can not do. Code Crim. Proc., art. 723; Barnett v. State, 42 Texas Crim. Rep., 302; Pena v. State, 38 Texas Crim. Rep., 333; Magee . State, 43 S. W. Rep., 512; Abbott v. State, 57 S. W. Rep., 97; Spears

v State, 56 S. W. Rep., 347. The jury fixed the penalty at seven years
confinement in the penitentiary, which was within the punishment pre-
scribed by the Legislature.

Appellant, as the court will observe, has assigned various errors not
discussed in this brief; but they are all involved in the first proposition
herein discussed. Appellant presented the first question by motion to
quash the indictment, objection to evidence and objection to the court's
charge. Respectfully submitted that the judgment should be affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (Dissenting).—I dissent from that
portion of the opinion wherein the punishment given the jury in the
charge was not less than five nor more than ten years. The opinion
concedes this to be error. The punishment given by the court in charge
was the punishment in vogue prior to the act of the Twenty-fifth Leg-
islature (Acts 1897, p. 146). That act changed the punishment from
not less than five nor more than ten years, to not less than two nor more
than ten years in case of this character of perjury. The majority, how-
ever, affirmed the judgment because appellant did not reserve a bill of
exceptions, either during the trial or in motion for new trial to this
error; and they have covered this error with the provisions of article
723, Code of Criminal Procedure, and cite Barnett v. State, 42 Texas
Crim. Rep., 302; Pena v. State, 38 Texas Crim. Rep., 333; McGee v.
State, 43 S. W. Rep., 512; Abbott v. State, 57 S. W. Rep., 97; Spears
v. State, 56 S. W. Rep., 347. There are other cases in line with those
cited by the court. Some of these cases show my dissent on the con-
struction placed on article 723 by the majority in regard to the question
presented in those cases, and it might seem a work of supererogation to
again bring this matter up in a dissenting opinion. Had the matter
rested where those decisions placed it, I would not be heard again to
dissent. Article 723 applied as my brethren held in the former decisions
to matters of procedure, they asserting it was a reasonable rule of
procedure and on that ground justified their opinion sustaining that act
of the Legislature. But now another step is taken in advance of pro-
cedure; the legislative department of government is invaded and a pun-
ishment provided by the trial court and the majority of this court on
appeal, which the Legislature had expressly repealed. Our code pro-
vides, where a new punishment has been substituted for the old punish-
ment by the legislative department, the party accused of crime must
have the option to be tried under either if the facts brought it so that
either punishment would apply; and in the absence of his exercising
that option, the court would give the milder punishment. But here we
have an act repealed in 1897, and a milder punishment substituted, and
inflicted upon an accused in 1904, practically seven years after the
Legislature had repealed that punishment. Heretofore my brethren had

construed article 723 to be a rule of procedure in applying the existing law to the facts of the case, holding where that had not been properly done, defendant would be helpless to take advantage of errors unless he excepted in one of the modes pointed out by that article. This referred simply to the application of the law to the facts. It has never been considered a rule of procedure anywhere so far as I am aware, that fixing the punishment was a rule of procedure; and under our codes, penal and procedure, nor under our Constitution has it ever been held that the court could define an offense or fix a punishment. That is purely and exclusively legislation. Article 2 of the Constitution expressly prohibits the legislative, judicial and executive departments of the government from encroaching one upon the other; but here, without even the color of authority, a punishment has been prescribed by a court which the Legislature years ago expressly repealed. There has been no punishment since in this State, except that provided by the act of 1897, which is not less than two nor more than ten years; but we have a man confined under a punishment which has no existence in fact, being not less than five nor more than ten years. Neither has this court nor the trial court any authority whatever to fix a punishment, any more than they can define an offense; and it has no more authority to do either than the Legislature has the right to affirm or reverse the judgment in the Court of Criminal Appeals or the Supreme Court. I therefore enter my most earnest dissent.

[Motion for rehearing overruled without written opinion.—Reporter.]