### Shorty Grider v. The State.

#### No. 4667.    Decided November 7, 1917.

**1.—Cow Theft—Punishment—Motion for New Trial.**

Where, upon trial of theft of a cow, the court erroneously instructed the jury that in case they found defendant guilty to assess the punishment for any term of years not less than two nor more than five years, intead as the statute provides, not more than four years, and the jury assessed his punishment at three years, and no objection was made at the proper time, but the defendant alleged error on this ground in his motion for new trial, the same was too late, and can not be considered on appeal. Following Manning v. State, 46 Texas Crim. Rep., 326, and other cases.

**2.—Same—Charge of Court—Statute Construed.**

Since the amendment of the statute, objections to the charge of the court must be made before the same is read to the jury; otherwise they can not be considered by this court. Following Crossett v. State, 74 Texas Crim. Rep., 440, and other cases.

Appeal from the Criminal Disttict Court of Dallas. Tried below before the Hon. Robert B. Seay.

Appeal from a conviction of theft of a cow; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays,* for appellant.—Cited Buford v. State, 44 Texas, 525; Wright v. State, 23 Texas Crim. App., 313; Graham v. State, 72 Texas Crim. Rep., 9, 163 S. W. Rep., 726; Love v. State, 68 Texas Crim. Rep., 228, 158 S. W. Rep., 532.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—The grand jury of Dallas County indicted appellant for cow theft alleged to have been committed November 3, 1916. He was tried on May 23, 1917, found guilty, and his punishment assessed at three years in the penitentiary.

The court gave a charge which was in no way objected to by appellant during the trial or before the charge was read to the jury, or before the verdict was rendered and the jury discharged. In the charge the jury were told that if they found him guilty they could assess his punishment at confinement in the penitentiary "for any term of years not less than two, nor more than *five* years." The statute (art. 1354, P. C.) prescribes the punishment for this offense "by confinement in the penitentiary not less than two nor more than *four* years."

There is no statement of facts in this case, neither is there any bill of exceptions.

After the trial was concluded and the jury discharged appellant made a motion for a new trial on this ground: "The court improperly insuructed the jury as to the punichment in said cause." This motion was not called to the attention of the court nor passed upon until the following Monday, May 28th, four days after the trial. Of course, as soon as the case was tried and the verdict rendered the jury and witnesses were discharged, and, no doubt, all the witnesses had scattered and gone. The sole question is, whether the mistake made by the judge in his charge as to the maximum number of years at which the jury could assess his punishment, under the circumstances and the law as it now is, presents reversible error.

Under the decisions of this court the question has been expressly held against appellant. In Manning v. State, 46 Texas Crim. Rep., 332, Manning was tried for perjury, found guilty, and his punishment assessed by the jury at seven years in the penitentiary. This court, in that case, held: "The court charged the jury that the punishment for perjury was not less than *five* nor more than ten years. This was error. The punishment since the Twenty-fifth Legislature (see Acts 1897, p. 146) has been not less than *two* nor more than ten years in this character of perjury. However, appellant can not avail himself of this error. It is not presented by bill of exceptions, nor did he reserve it in motion for new trial. He insists on it for the first time in this court. This, under the authorities, he can not do. · Code Crim.

Proc., art. 723; Barnett v. State, 42 Texas Crim. Rep., 302; Pena v. State, 38 Texas Crim. Rep., 333; Magee v. State, 43 S. W. Rep., 98; Abbott v. State, 42 Texas Crim. Rep., 8, 57 S. W. Rep., 97; Spears v. State, 41 Texas Crim. Rep., 527, 56 S. W. Rep., 347. The jury fixed the penalty at seven years confinement in the penitentiary, which was within the punishment prescribed by the Legislature." The question again came up in Robins v. State, 57 Texas Crim. Rep., 8, wherein this court, in a unanimous opinion rendered by Judge Ramsey, held: "Complaint was made that the court erred in his charge to the jury in instructing them with reference to the penalty to be assessed by them for the reason that under the Act of the Thirtieth Legislature the law had been repealed and the punishment changed. The punishment was indeed changed by the Act of the Thirtieth Legislature. The offense was in no sense repealed and stands practically unchanged by the law and as it was aforetime. It is true that the penalty for this offense was changed by Act of the Thirtieth Legislature, which imposed a severer punishment for an infraction of the law than that which had heretofore existed. *We have had, however, uniformly since the rendition of the decision in Manning v. State, 46 Texas Crim. Rep., 326, 81 S. W. Rep., 957, that it is not reversible error where the charge misdirects the jury in respect to the punishment, unless excepted to at the time or the matter was challenged in the motion for new trial.* This (Manning case) was a perjury case in which the court gave a higher minimum punishment than the law authorized. *This decision has been repeatedly followed in this State and is the recognized rule among us.*" In Gantt v. State, 105 S. W. Rep., 800, in another unanimous opinion of this court by Presiding Judge Davidson, it was held: "As article 723, White's Ann. Code Crim. Proc., has been construed by this court, these questions can not be considered, having been raised for the first time in this court. See Manning v. State, 46 Texas Crim. Rep., 326, 81 S. W. Rep., 957, where the question was discussed and authorities cited. In the Manning case the charge erroneously stated the punishment, and one that had been repealed by the Legislature some time prior to the Manning trial; but no exception was taken in the trial court, and it was held that it was too late to except to error for first time on appeal." These decisions, and especially the Manning case (on other points) have been many times cited since their rendition and at no time modified or overruled.

At the time these decisions were rendered the statute, article 743 (old article 723), C. C. P., expressly authorized the defendant to make objections to the court's charge for the first time by motion for new trial after verdict and judgment. The law also at that time required, and which was the practice, a trial judge to read his charge to the jury after the arguments were concluded and not before they began and he was not required to give it to appellant before he read it to the jury, nor was the appellant given any opportunity to object to it before it was read. By the Act of April 5, 1913, page 278, articles 735, 737, and 743 were amended and articles 737a added whereby the trial judge

is now required to deliver to appellant's attorney his charge before the arguments begin, and give him a reasonable time to present objections, if any he has, to the charge; and also giving them an opportunity to request any special charges they desire. Prior to that Act of 1913, article 743 expressly authorized a defendant to make any objections he desired to the charge "in the motion for new trial." By that article as amended in 1913, that provision of the statute was purposely cut out and instead it was provided that all objections to the charge "shall be made at the time of the trial." The emergency clause of that Act states reasons for said change; stating "the fact that there are many reversals in criminal cases because of errors in the charge of the court, due to the fact that such errors are not pointed out to the trial judge before the charge was given, and the further fact that the docket of the Court of Criminal Appeals is daily becoming crowded with cases, many of which contain such errors, creates an emergency," etc.

Since said articles have been so amended and enacted this court, in a great many cases, has held, in effect, that the statute means what it says, and says what it means; and that this court has no right to ignore it or construe it away. In Crossett v. State, 74 Texas Crim. Rep., 440, this court held: "The object of the Legislature as shown by said Act of April 5, 1913, amending said articles above specified was, that whatever objections an accused on trial had to the court's charge should be distinctly then and there pointed out so as to give the judge an opportunity to correct his charge, if the objections were at all applicable. In other words, the object and intention of the Legislature was that an accused on trial must aid the court in giving a correct charge, instead of waylaying him, taking chances of an acquittal and then securing a reversal, as had heretofore been the case, by making objections for the first time to the charge of the court after the trial was concluded." A large number of cases so holding could be cited from the time said Act became effective and the question was first raised in this court down to the present time. The latest is that of Holder v. State, 194 S. W. Rep., 165, wherein it is held that unless the court's charge was excepted to at the time of the trial it was too late to except to it in the motion for new trial. This instant case is a fair illustration of what the law was intended to remedy. Here the court made a mistake in telling the jury the highest punishment which could be inflicted. It was the duty of the appellant and his attorney to then and there call the court's attention to this mistake so that the court would correct it. If he had the court would immediately have corrected the mistake. But if he had not then corrected, and appellant had then excepted, he might have had reversible error.

The judgment is affirmed.

*Affirmed.*