## BRYANT STEWART V. THE STATE.

### *No. 935. Decided December 12.*

1. **Gaming—Private Room or Residence—Craps.**—By express provision of article 364, Penal Code, the playing at a game of craps in a private bedroom or residence is not an indictable offense. *Held,* that a private bedroom up stairs in the same building over a drinking saloon, but which is in no other way connected therewith, is a private residence, and playing any of the prohibited games in such room is exempt from indictment and prosecution.

2. **Repeal of the Proviso—Suggestion by the Court as to.**—Note the suggestion of the court to the Legislature as to the propriety of repealing the proviso to article 364, Penal Code.

APPEAL from the County Court of Smith. Tried below before Hon. B. B. BEAIRD, County Judge.

This appeal is from a conviction for unlawfully betting at a game called "craps," the punishment assessed being a fine of $10.

The opinion states the case.

*J. W. Fitzgerald,* for appellant.—1. The playing was at a private residence within the purview of article 364, Penal Code.

2. It is not an offense to bet at dice at a private residence. Borders v. The State, 24 Texas Crim. App., 333; Long v. The State, 22 Texas Crim. App., 194.

3. The bedroom was a private residence. 21 Am. and Eng. Encyc. of Law, 101, 123, and notes; Pryor v. Stone, 19 Texas, 371; Comer v. The State, 26 Texas Crim. App., 509; Shihagan v. The State, 9 Texas, 430; Wilcox v. The State, 26 Texas, 146; Stebbins v. The State, 22 Texas Crim. App., 33; Watson v. The State, 13 Texas Crim. App., 160.

*J. M. Edwards,* County Attorney of Smith County, and *R. L. Henry,* Assistant Attorney-General, for the State.—The only question presented in the record is, whether the room where the betting at dice occurred was a private residence within the meaning of article 364 of the Penal Code. Now, the Borders case, 24 Texas Criminal Appeals, 333, taken in connection with the facts of that case as they appear in the original transcript, establishes the rule, that a private residence is an absolute shield to betting at dice, even though it be "commonly used for gaming." Now, suppose the room in which the betting at dice occurred in this case, situated as it is in the same building with, up stairs, and over a house for retailing spirituous liquors, was "commonly used for gaming." Would it in that event protect players at cards or bettors at dice from punishment? Assuredly not, because it is a "room attached to a public house." Penal Code, art. 356. Certainly the term "private residence" bears the same meaning in article 356 which it bears in article 364, Penal Code; and in the former statute, the Legislature did not contemplate that "any room attached to a public house" should be construed as a "private residence," because

the one, if "commonly used for gaming," will not protect gambling; while the other, even though "commonly used for gambling," is an absolute protection thereto.

Criminal statutes must be construed according to the plain import of the words as they are ordinarily understood in common parlance. Penal Code, arts. 9, 10. The term "private residence," we submit, would not convey to any person's mind any thought of a little room up stairs, over a saloon, where a single man keeps a bed on which he sleeps. To sleep at a place does not make it a private residence. It might as well be said that to eat, or to comply with any other demand of nature, or do any other act usually done by people at their homes, would operate to convert any place into a private residence within the meaning of the statute which commands the law to halt at its portals.

The term "private residence," as used in common parlance, signifies, and the Legislature evidently meant by it, a home, however lowly; a permanent place of abode; a place to which its occupants feel attached, and to which they resort as to a haven of refuge. When the spirit of the law is considered; when we consider the obvious purpose of the Legislature in leaving the sacred precincts of the private residence without inhibitions against gambling, it seems too clear for argument that it could never have been intended that the mere existence of a bed on which a young man sleeps, in a room situated as this one is, would permit persons to play at cards or bet at dice in such a place, commonly and with impunity.

Of course the court will observe that a private place merely will not shield betting at dice.

HURT, PRESIDING JUDGE.—Appellant was tried in the County Court of Smith County, charged with unlawfully betting at a game played with dice, called "craps," and not at a private residence, and was convicted, and his fine assessed at $10, from which this appeal is prosecuted.

The only question presented by the record is whether or not the room in which the game was played is a private residence. Both counsel for the State and defendant have prepared able briefs, from which it clearly shows that they have given this question very careful study and consideration. The room was used by Jim Spears, a single man, for a bedroom. It is up stairs over the saloon of Thomas Smyres, but has no connection with the saloon, other than being in the same building. A stairway leads directly from the sidewalk to the hall upon which the room is situated. The room is furnished with bed, table, washstand, trunk, and clothing, and was used by Spears for the purpose of his bedroom. Under the weight of authority, we think this room the private residence of Spears, and that the motion for a new trial should have been granted. For the reasons given, the judgment of the court below must be reversed, and the cause remanded.

We respectfully recommend to the Legislature that the proviso to article 364, Penal Code, exempting from prosecution those who bet at this game at a private residence, be stricken out.

*Reversed and remanded.*

SIMKINS, Judge, absent.