### ALVY McCOLLUM v. THE STATE.

No. 3347. Decided February 21, 1906.

**Gaming—Private Residence—Abandonment—Sufficiency of Evidence.**

Upon a trial for gaming at a place not a private residence then occupied by a family, where the evidence showed that said place had been a private residence, but was not such at the time of the alleged offense, and that the place had been abandoned as a home, and no family was living there at said time, and that there was no one there except two boys, sons of the father who had abandoned the place and had moved to another. Held, that the former place where the gaming occurred was not a private residence occupied by a family, and the offense was complete under the statute.

Appeal from the County Court of Floyd. Tried below before Hon. A. B. Duncan.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of gaming, and fined $10. Prosecuting witness testified that he was with appellant at Hight's house, sometime in February, 1904. "One night in said month, all of us boys had gathered there to dance and have a supper. Defendant and various other boys (including the two Hight boys and witness) got there about 8:30 o'clock, stayed until after supper, and left about midnight. Saw defendant and Jim Bryant sitting at a table with a deck of cards, and the cards were being shuffled and fooled with about a minute and a half, and I or Annis Bell, or both, spoke up and said

that there had better not be any card playing there as we would report them and they quit and put up the cards." Witness says that he does not know that they played any game with cards. Another witness swears, that on said occasion he played a game of cards with defendant. The State introduced one of the Hight boys, who testified: "I live about three and one-half miles south of Lockney, at my father's place, in Floyd County, and lived there in February, 1904. There was no one there, except my brother Lonnie and myself during February. My father had gone and moved the rest of the family to Borden County, sometime before that, to his other place in that county. There had been a family by the name of Jones living in the home, but they had moved away about Christmas before the time that defendant and the boys were there. The house was not occupied by a family, but by myself and my brother. I was 17 years of age, and he 15." We take it that these facts make out an offense within the statute. The place had been a private residence, but was not such at the time of the playing. The mere fact that the two boys lived at the former home of the father, which had been abandoned by the father, he moving to another county, and no family living in the residence at the time of the playing, would not authorize appellant to play at said place, as being a private residence occupied by a family. We do not deem it necessary to review the other questions in the record, since they do not present any error authorizing a reversal. No error appearing, the judgment is affirmed.

*Affirmed.*