## RUFUS BARTON v. THE STATE.

No. 3329. Decided May 30, 1906.

**Perjury—Indictment—Negation of Exception.**

In a prosecution for perjury where the charge was based on the fact that the defendant had falsely sworn as to a certain game called craps, as defined under article 388, Penal Code, and which exempts gaming at a private residence, the indictment was defective because it did not negative the fact that the house where the gaming occurred was occupied as a private residence, instead of alleging a private residence occupied by a family. The indictment also failed to charge that the parties played at said game.

Appeal from the District Court of Lampasas. Tried below before the Hon. John M. Furman.

Appeal from a conviction of perjury; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

No brief for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Motion was made to quash the indictment because of its vagueness and indefiniteness, and because it is nowhere alleged that the house known as Rolla Bagley's house, where Dock Bagley had been living, was not a private residence. The perjury is alleged to have been committed before a justice of the peace, wherein said justice was inquiring as to whether appellant had, "at a house known as Rolla Bagley's, where Dock Bagley had been living, in the city of Lampasas, on the night of October 30, 1905, seen Clay Huling, H. S. Stanley and Alf Bonner, or any one or more of said persons, or any other person, play at or bet any money or valuable thing at a game played with dice called craps, at a place that was not then and there a private residence occupied by a family, etc." We believe the criticism of this indictment is correct. In order to constitute the offense of playing craps such games must be played at a place other than "a private residence." Article 388, Penal Code. It will be noticed that the material inquiry set out as the subject of investigation was that they were inquiring whether appellant had seen a game of craps played between certain parties at a certain house where Dock Bagley had been living, which "was not a private residence occupied by a family." In order to charge the offense of playing craps, the indictment must negative the fact that it was played "at a private residence," not "a private residence occupied by a family." It has been held in this State that the playing of a game at a room occupied by a single man as his bed room, would be covered by this statute, and would be a private residence within the terms of the statute. Stewart v. State, 34 Texas Crim. Rep., 33; Borders v. State, 25 Texas Crim. App., 332. Appellant could have very truthfully sworn, perhaps, that he had not seen a game of craps played at a house occupied by a private family; and if as a matter of fact there was not a family occupying the house, appellant could not have been guilty of perjury, although the game of craps was played in said house. The negation in the statute or the proviso that makes the exception, should be fully set out in the indictment in order to constitute a valid pleading. If the proof upon appellant's trial was that any one was occupying that house, as a private residence other than a family, he could not have been guilty of playing at the game about which inquiry was made; and in answering the questions propounded he could have answered truthfully. We are further of opinion that the inquiry as set out was not material; that is, as to whether or not appellant had *seen* parties play. The material question is, whether or not they did play or had played. We believe the motion to quash should have been sustained. The indictment is not sufficient to charge the offense. It should have negatived the fact that the house was occupied as "a private residence," and not as "a private residence occupied by a family."

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*

Brooks, Judge, absent.