### HENRY MARKS v. THE STATE.

#### No. 3486.   Decided April 10, 1907.

##### Gaming—Craps—Statutes Construed—Playing Dice.

Under the terms of article 388, Penal Code, the playing of dice, known as the original game of craps, at a private residence, is excepted from the provisions of the law and is therefore not a violation of said statute, although said house be commonly resorted to for the purpose of gaming. Following Borders v. State, 24 Texas Crim. App., 333.

Appeal from the County Court of Ellis. Tried below before the Hon. Lee Hawkins.

Appeal from a conviction of unlawfully playing at a game of craps with dice, not at a private residence; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for playing craps under a charge that it was not done at a private residence. The evidence discloses that the game was played at a private residence. The court charged the jury that if they should find that appellant bet at a game played with dice, called craps, at a house occupied by Charley Harris, or by him and other members of his family, but further believe that the house was a gaming house, as the same has been heretofore defined, then they should find the defendant guilty. The charge defined a gaming house as one where gaming is practised; a gambling house; a house or room whose use is intended to facilitate gaming purposes, and where sporting characters are invited or permitted to congregate for gaming, or to take money or other things of value upon trials of chance or skill. The contention is that these charges are erroneous under the facts. Appellant asked a counter proposition to the effect that if craps are played at a private residence that it would make no difference that people resorted there for gaming purposes. This charge was refused. Appellant also asked a peremptory instruction of acquittal, which was refused. As before stated, the evidence shows conclusively that the game of craps was played at a private residence, and second, that the house was commonly resorted to for the purpose of gaming with the consent of the owner or occupant of the residence. Among other games there played was monte and chuck-a-luck. Under the terms of article 388, Penal Code, the playing of dice at a private residence is excepted from the provisions of the law and is therefore not a violation of said statute. The game of craps played was not a banking game, or one against the many but was the old time, original game of craps. In Borders v. State, 24 Texas Crim. App., 333, practically the same charge was given and under facts that show the game of craps was played at a house commonly resorted to for gaming purposes, and this court reversed the judgment, holding that as the statute had exempted craps playing at a private residence from punishment, the conviction was erroneous. That case has been approved and followed by this court in all subsequent decisions, and the Legislature's attention has been called to this matter with a suggestion that this exception be stricken from the statute, but no such law has been passed by the Legislature, or at least none has become operative in this State. Therefore, by the terms of article 388 appellant, in playing the game of craps at a private residence, has not violated the law. See Thompson v. State, 96 S. W. Rep., 1085; Stewart v. State, 34 Texas Crim. Rep., 33; Faucett v. State, 46 Texas Crim. Rep., 113, and Waggoner v. State, 92 S. W. Rep., 38.

Because the court erred in giving the charge to which exception was reserved as above mentioned, and in failing to charge as requested by appellant, and because the evidence does not show a violation of the law under article 388, the judgment is reversed and the cause remanded.

*Reversed and remanded.*