## JIM PATTERSON v. THE STATE.

### No. 4378. Decided February 24, 1909.

**Gaming—Private Residence—Family.**

Upon trial for gaming where the evidence showed that there was no constituent of a family occupying the house where the cards were played, and had not been; but was simply a one-room house occupied by a bachelor and some of his hired hands, such habitation was not a private residence occupied by a family under the law, and the conviction was sustained.

Appeal from the County Court of Kent. Tried below before the Hon. J. B. Jay.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted in the County Court on a charge of unlawfully playing at a game of cards, same not being played at a private residence occupied by a family.

The only question in the case is as to whether the place where the game was played comes within the exception named in the statute. It appears that the game was played at the house of Ing Rodgers, who lived some seven miles north of the town of Clairemont. The place is thus described: "Ing Rodgers is or was a bachelor; at that time he was not married and had never been. He had a small room on his land. They all slept and cooked and eat there. That has been Ing Rodgers' home ever since we played out there and sometime before." Describing the house further, one of the witnesses says: "I was working on a house for Ing Rodgers. At that time he was a single man and had never been married. He lived by himself and did his own cooking and slept in a small one-room house where all his hands slept while we were building his house. (This refers to a new house then in process of construction.) Rodgers was not married and there was no woman about the place of Rodgers' where we stayed and played."

Articles 379 and 381, Acts of 1901, page 26, punish all character of gaming at any place except a private residence occupied by a family. In the case of Hipp v. State, 45 Texas Crim. Rep.,

200; 75 S. W. Rep., 28, a somewhat similar question was considered. It was there held that card. playing at a private residence would not be a violation of the law unless such residence was commonly resorted to for the purpose of gaming. So the question is, whether the house in question can be said to come within the terms of the exception and be held to be "a private residence occupied by a family." In the Hipp case it was held that where one had been divorced from his wife and who had custody of one of the children of the marriage, lives with such child in a tent and the same is the only home that they have, it is a private residence occupied by a family within the meaning of the law. The decision in the Hipp case was based on the fact, as evidently appears from an inspection of the decision therein that the person at whose house the game was played had been married, and that his son resided with him, and that together they constituted, under the law, a family. This, it was held, would have been a sufficient designation of the family under the homestead law. In the case here there is no constituent of a family; there is no wife or child, and had never been. That the owner would not have been protected under the homestead law as the head of a family is too clear for controversy, and we think it is equally clear that his habitation could in no sense be said to be a private residence occupied by a family, and that the court did not err in so charging the jury.

The judgment is affirmed.

*Affirmed.*