### J. P. Robbins, v. The State.

No. 3957. Decided June 9, 1909.

Rehearing denied October 13, 1909.

**1.—Gaming—Private Residence—Family.**

Where, upon trial for gaming, the evidence showed that the defendant played cards for money; that he was not married, and had no family; that he lived alone, except that another man was staying at defendant's place at the time of the trial, and had been for a short time, such house was not a private residence occupied by a family, and the conviction is sustained.

**2.—Same—Charge of Court—Penalty—Repeal.**

Upon trial for gaming, where the court charged the jury the former penalty, which had been repealed by a subsequent law, and the law itself had not been repealed, and there was no exception at the time to the court's charge, and the matter was not challenged in the motion for new trial, there was no error. Following Manning v. State, 46 Texas Crim. Rep., 326.

Appeal from the County Court of San Saba. Tried below before the Hon. G. W. Walters.

Appeal from a conviction of gaming; penalty, a fine of $10.

The opinion states the case.

*P. M. Faver,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged by indictment in the County Court of San Saba County with unlawfully playing a game of cards in a place other than a private residence occupied by a family. He was upon his trial convicted of this offense and his punishment assessed at a fine of $10.

1. All the parties admitted that appellant engaged in a game of cards and at a house occupied by him. The evidence showed that he was not married and had never been; that he lived alone, except

at the time of the trial a man named Sharp was staying at his place and that he had been for a short time; that appellant was a farmer and Sharp a stonemason. This did not constitute a private residence occupied by a family. See Patterson v. State, 55 Texas Crim. Rep., 393, 116 S. W., 1151. It was shown by all of the testimony, including that of appellant, that at or about the time charged, he played cards with some of his neighbors nearly. all night and for money. In other words, he was gambling. The jury under proper instructions could not have found the place a private residence occupied by a family.

2. Complaint was made that the court erred in his charge to the jury in instructing them with reference to the penalty to be assessed by them for the reason that under the Act of the Thirtieth Legislature the law had been repealed and the punishment changed. The punishment was indeed changed by the Act of the Thirtieth Legislature. The offense was in no sense repealed and stands practically unchanged by the law and as it was aforetime. It is true that the penalty for this offense was changed by Act of the Thirtieth Legislature, which imposed a severer punishment for an infraction of the law than that which had theretofore existed. We have held, however, uniformly since the rendition of the decision in Manning v. State, 46 Texas Crim. Rep., 326, 81 S. W. Rep., 957, that it is not reversible error where the charge misdirects the jury in respect to the punishment, unless excepted to at the time or the matter was challenged in the motion for new trial. This was a perjury case in which the court gave a higher minimum punishment than the law authorized. This decision has been repeatedly followed in this State and is the recognized rule among us. Referring to the record, it appears that the case was tried on the 26th of May, 1908, the original motion for new trial was filed on the same day. There is an amended motion for new trial filed May 30, 1908, but the record shows that the judgment overruling the motion for new trial was entered on May 26 of that year, and that on the same day appellant entered into a recognizance for his appearance before this court. Appellant tendered a bill of exceptions which was filed on June 25, 1908, in which it is stated that he excepted to the charge in respect to the punishment, given by the court for the reason that it was not the law applicable to the offense under the present law. In passing on this matter the court makes this statement: "The objection and exception was not made or the court's attention called to the supposed erroneous charge as to the penalty until after the jury returned their verdict, and the error was in favor of the defendant and the jury gave the defendant the least fine. Wherefore, the court overruled the objection as it could not prejudice the defendant." The matter is not referred to at all in either the original or amended motion for new trial, unless it be in the last ground thereof which is to the following effect: "Because the verdict is not supported by the facts and the judgment is

contrary to the law." This, we think, was not sufficient to point out the error now claimed to exist in the court's charge in this respect, or sufficient to raise the question so as to be passed on in this court.

3. There are some other questions raised in the record, but they are not of such character as to demand attention. Believing that there was no error in the record of which appellant could complain, it is ordered that the judgment of conviction be and the same is hereby in all things affirmed.

*Affirmed.*

[Rehearing denied October 13, 1909.]