### FRANK MISHER v. THE STATE.

No. 380.  Decided March 2, 1910.

**Local Option—Felony—Misdemeanor.**

The Act of the Thirty-first Legislature making it a felony to sell intoxicating liquor in local option territory does not apply where the local option law was in force before the passage of said Act.

Appeal from the District Court of Uvalde.   Tried below before the Hon. R. H. Burney.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Martin, Old & Martin,* for appellant.—Whenever a local option law has been legally adopted the subject passes beyond legislative action: Dawson v. State, 25 Texas Crim. App., 670; Robinson v. State, 26 Texas Crim. App., 82; Lawhon v. State, 26 Texas Crim. App., 101; McElroy v. State, 39 Texas Crim. App., 529; Ex parte Elliott, 44 Texas Crim. Rep., 575; Ex parte Bains, 45 S. W. Rep., 24; Ex parte Fields, 86 S. W. Rep., 1022; Oxley v. Allen, 107 S. W. Rep., 945; Ex parte Heyman, 78 S. W. Rep., 349; Ex parte Mills, 79 S. W. Rep., 555; Rippey v. Texas, 193 U. S., 504; 48 Law Ed., 768.

*John A. Mobley,* Assistant Attorney-General, for the State.—City of Evansville v. State, 118 Ind., 426; Cooley on Const. Limit., 7 Ed., 164; Black on Intox. Liquors, p. 57; Lock's Appeal, 72 Penn. St., 491; Ex parte Mato, 19 Texas Crim. App., 112; Joliff v. State, 53 Texas Crim. Rep., 61; Ex parte Dupree, 105 S. W. Rep., 493; Clopton v. State, 105 S. W. Rep., 994.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted in the

District Court of Uvalde County, and awarded a felony conviction for violating the local option law.

The evidence is admitted to be true that local option law was in effect prior to the time of the enactment of the felony punishment by the Thirty-first Legislature, and was still in existence under the prior election at the time the law went into effect, and such was the status of the local option law at the time of the trial. In other words, there had been no subsequent local option election in the county or in the territory where appellant is charged to have sold intoxicants. The trial was had and conviction sustained upon the theory that the Act of the Thirty-first Legislature superseded the Act of 1887 prescribing a misdemeanor punishment, and by reason of its passage it superseded the misdemeanor punishment, and that the Legislature has the legal right to substitute the felony for the misdemeanor punishment, or in other words, that by reason of the passage of this Act the felony punishment took the place of the misdemeanor conviction. This question was raised by a plea to the jurisdiction of the District Court. We are of opinion that this proposition must be sustained. For reasons why we hold this view correct, see Lewis v. State, this day decided.

The judgment is reversed and the cause is remanded with instructions to the District Court to certify the case to the County Court for proceedings in accordance with law.

*Reversed and remanded.*

McCord, Judge, not sitting.