## Miguel Garcia v. The State.

### No. 3778.  Decided November 3, 1915.

**Gaming—Sufficiency of the Evidence—Private Residence.**

Where, upon trial of playing, betting, and wagering, at a game of cards not at a private residence, occupied by a family, the evidence showed that the gaming took place in a box car, 250 feet distant of a car occupied by the section boss and his family, and that all the participants in the play were unmarried, except one, whose wife was in Mexico, and that they ate, slept and had their meals prepared in said car, the same was not a private residence, although the said car in which the playing took place was under the control of the section boss.

Appeal from the County Court of Lee. Tried below before the Hon. John H. Tate.

Appeal from a conviction of playing and betting at a game of cards not at a private residence, occupied by a family; penalty, a fine of $10.

The opinion states the case.

*Wm. O. Bowers,* for appellant.—Cited cases in opinion.

*C. C. McDonald,* Assistant Attorney General, and *P. J. Alexander,* County Attorney, for the State.—Looper v. State, 62 Texas Crim. Rep., 96, and cases cited in opinion.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of gaming, and the lowest fine imposed.

The evidence, without question, is amply sufficient to sustain the conviction. Appellant contends that the evidence shows that where the gaming occurred was a private residence occupied by a family and hence the conviction can not be sustained. We think his contention is untenable. On this issue the evidence shows that appellant and several other Mexicans were caught gambling with cards in a railroad box car without wheels and set flat on the ground. The section boss testified that he and his family occupied two such cars, where they ate, slept and lived; that where these Mexicans, including appellant, were caught gambling was in another box car 250 feet distant from the cars occupied by him and his family; that all those Mexicans except one were bachelors; that one was a married man but his wife was in Mexico; that these Mexicans did their own cooking in the car occupied by them and ate their meals therein and also slept therein; that none of them ate or slept or had their meals prepared in the cars occupied by him and his family.

We had occasion in the recent cases of Stallings v. State, 75 Texas Crim. Rep., 44, 170 S. W. Rep., 159, and Sloan v. State, 75 Texas Crim. Rep., 33, id., 156, to discuss the statute and what in contemplation of our present law was a private residence occupied by a family in which card playing could be indulged without violating the law. We also cited and discussed many cases decided by this court. Under the statute as it now is and said decisions, we think that the car where appellant and his associates were gambling was not a private residence occupied by a family, nor was it the private residence of the section foreman and his family. See also Fondren v. State, this day decided. We think the case of Hipp v. State, cited by appellant, 45 Texas Crim. Rep., 200, is not applicable to this case.

The judgment is affirmed. *Affirmed.*